1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MEREDITH MCGLOWN,

                  Plaintiff(s),

     v.

UNITED STATES DEPARTMENT OF
COMMERCE et al,

                  Defendant(s).

CASE NO. 2:23-cv-00049-TL

ORDER OF DISMISSAL

This matter is before the Court on its own motion, Plaintiff's motion "to practice pro hac vice" (Dkt. No. 7), and Plaintiff's motion "for an extreme protection order" (Dkt. No. 10). Having considered the complaint and the relevant record, the Court DECLINES to issue summons, DISMISSES the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), DENIES Plaintiff's motion to practice *pro hac vice*, and DENIES Plaintiff's motion for a protective order, as explained below.

# I.   BACKGROUND

Plaintiff Meredith McGlown[1] brings suit against the U.S. Department of Commerce, "The Depository Trust Company," and "Treasury Retail Services." Dkt. No. 5 at 2. Ms. McGlown's allegations and claims are long and difficult to parse. It appears that she primarily seeks damages from Defendants for loans, promissory notes, or other financial agreements that she allegedly engaged in with the U.S. government. *E.g.*, *id.* at 12. However, Ms. McGlown also alleges involvement with the CIA, identity theft, terrorism, and other violent crime, as well as that she was enslaved in another country by former U.S. Presidents John F. Kennedy, Ronald Reagan, and Ulysses S. Grant as well as former Vice President Al Gore, lived on a spaceship, trained "as a mercenary for the Marines," and participated in the apprehension of notorious Latin American "mob figures" as a civilian. *Id.* at 10–12. Ms. McGlown's causes of action are listed as: "Title I, CR 32(cc)(1)(A), CR 32(E)(2), CR 32(F), CR 32(G), Title III GJ Rule 6 Statute 440 + 443, Rule 395 & 420, Title 15 Chapter 2B." *Id.* at 3. She seeks damages in the amount of "1 septvgint and two hundred fifty six zillion dollars." *Id.* at 5–7.

Ms. McGlown proceeds *pro se*, or without legal representation. The Magistrate Judge granted Ms. McGlown *in forma pauperis* status, permitting her to proceed without paying the filing fee, with a recommendation that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 4. No summons has yet issued.

Ms. McGlown moves "to practice pro hac vice" (the "PHV Motion"). Dkt. No. 7. While the motion is difficult to read, the Court liberally construes the motion as a request to admit Ms. McGlown as a *pro hac vice* attorney before this Court and to permit her to submit "evidence," apparently portions of the Code of Federal Regulations, on a CD. *Id.* at 1.

---

[1] Ms. McGlown also appears to identify herself as "Emirates of Israel" and "CEEO of Ahmadayyia Foundation Group, LLC [d/b/a] Khalifa's Essential Choices Inc." Dkt. No. 5 at 1 (caption in complaint).

Ms. McGlown also attaches various forms and statements that she has signed, including an "Oath of Attorney," "Certificate of Recommendation," "Petition for Admission to Practice," and "Application for Leave to Appear Pro Hac Vice," in which she represents that she is an attorney who is admitted to the Washington state bar (Bar # 650564). *Id.* at 4–8.

Ms. McGlown also moves "for an extreme protection order" (the "Protective Order Motion"). Dkt. No. 10. The Protective Order Motion is, again, difficult to comprehend. As forgivingly construed as possible, the motion asserts a number of new allegations (similar in nature, if not detail, to those asserted in the Complaint) and seemingly asks that the Court "grant an Extreme Protection Order" against "the tenants of the building, it[s] administrative office employees, the Al Gore administration victims, and the extremist community of religious believers," ordering that "the animals . . . be removed from the facility." *Id.* at 1, 4.

No Defendant has appeared in this action.

## II.   LEGAL STANDARD

A court must dismiss an *in forma pauperis* complaint if it is "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints . . . .").

This Court liberally construes pleadings filed by *pro se* litigants and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). Even so, a court should "not supply essential elements of the claim that were not initially pled." *E.g.*, *Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal quotation marks omitted) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft*

*Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))). Also, "it is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). The Court is mindful that it ordinarily must grant leave to amend when it dismisses a *pro se* complaint, unless the pleading cannot be cured by amendment. *E.g.*, *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017) (affirming lack of leave to amend where amendment was futile).

## III.   DISCUSSION

### A.   Dismissal Under 28 U.S.C. § 1915

A complaint is frivolous for the purposes of dismissal under 28 U.S.C. § 1915 if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see, e.g.*, *Marcos-Chavela v. Utah*, C22-975, 2022 WL 3018242, at *2 (W.D. Wash. July 29, 2022) (dismissing undecipherable complaint against several States with prejudice). "[A] finding of factual frivolousness is appropriate when the facts rise to the level of the irrational or wholly incredible," such as allegations that are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[W]e are confident that the district courts . . . are in the best position to determine which cases fall into this category."). In evaluating a complaint for frivolousness, a court is not bound to accept the truth of the plaintiff's allegations, even if they are not clearly rebutted by judicially noticeable facts. *Id.* at 32.

Even construed liberally, the Complaint is frivolous and must be dismissed. The Complaint offers no recognizable causes of action or relief that the Court can grant, as exemplified by the requested damages amount ("1 septvgint and two hundred fifty six zillion dollars," *see* Dkt. No. 5 at 5). The Complaint's allegations of enslavement by deceased former

U.S. Presidents (including former President Grant, who died in 1885), personal involvement in large loans to the U.S. government, cloning, spaceships, and numerous other details are difficult to decipher, seemingly unrelated to each other, unsupportable by logic and evidence, and far from stating any legally cognizable claim of relief the Court can consider. *See, e.g.*, Dkt. No. 5 at 18 ("My blood and my oxygen kills them. They tried to have a baby by me and altered themselves by raping me and taking of my body fluids and they got sick. We are over 1 trillion light years from their planet, and they still are dying."). While the Court is sympathetic to any distress that Ms. McGlown may be experiencing, the Complaint in this action must be dismissed as frivolous and for failure to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2).

Accordingly, the Court DISMISSES Ms. McGlown's complaint without prejudice. *See Denton*, 504 U.S. at 34 (noting that dismissal under § 1915 for frivolousness should be without prejudice). As the Complaint's deficiencies cannot be cured and any attempted amendment would be futile, no leave to amend is permitted. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1128 n.8 (9th Cir. 2000) (dicta) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

The Court also notes that Ms. McGlown has filed numerous cases before this District that have been dismissed under 28 U.S.C. § 1915. *See, e.g.*, *McGlown v. Washington*, No. C19-1658, Dkt. No. 7 (W.D. Wash. Dec. 3, 2019) (order of dismissal); *McGlown v. Mellburg Fin. Grp., Inc.*, No. C19-29, Dkt. No. 15 (W.D. Wash. Mar. 6, 2019) (same); *McGlown v. Dep't of Homeland Security*, No. C18-1403, Dkt. No. 11 (W.D. Wash. Oct. 23, 2018) (same); *McGlown v. Mellburg Fin. Grp., Inc.*, No. C17-1815, Dkt. No. 10 (W.D. Wash. June 12, 2018) (same). Ms. McGlown is cautioned that a continued pattern of non-meritorious litigation may result in a bar order, limiting her ability to bring suit in this District.

**B.    PHV Motion**

Ms. McGlown's PHV Motion is moot for two reasons: (1) the case is dismissed; and (2) Ms. McGlown is entitled to represent herself (proceed *pro se*) in this action regardless of whether she is an attorney or admitted to practice before this Court. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally . . . .").

In any case, Ms. McGlown does not appear to be an attorney who is eligible for admission to the bar of this Court. Local Civil Rule 83.1 sets out the District's rules for admission to this Court. According to the public database maintained by the Washington State Bar, there does not appear to be an attorney registered with the Washington State Bar with the name "Meredith McGlown" (or a similar name) or with the purported Washington attorney bar number provided by Ms. McGlown. *See, e.g.*, Dkt. No. 7 at 7 (Washington State Bar Number 650564). Nor can Ms. McGlown be admitted *pro hac vice*, given that she is not represented by local counsel. *See* Local Civil Rule 83.1 (requiring representation by local counsel for *pro hac vice* admission); Dkt. No. 7 at 8 ("Statement of Local Counsel" signed by Ms. McGlown as local counsel for herself).

Accordingly, the PHV Motion is DENIED as moot and as deficient.

**C.    Protective Order Motion**

Ms. McGlown's Protective Order Motion must also be denied as moot, given the dismissal of this case. In any case, Ms. McGlown seeks a protective order from this Court but fails to explain, in comprehensible terms, what protective action she requests, much less the justification for such a request.

Accordingly, the Protective Order Motion is DENIED as moot and as deficient.

1

#### IV.    CONCLUSION

2

For the reasons above, the Court hereby ORDERS:

3

(1)    The Court DECLINES to issue summons and DISMISSES the case without prejudice.

4

(2)    Ms. McGlown's PHV Motion (Dkt. No. 7) is DENIED.

5

(3)    Ms. McGlown's Protective Order Motion (Dkt. No. 10) is DENIED.

6

(4)    The Clerk of the Court is DIRECTED to issue judgment and close the case.

7

Dated this 6th day of February 2023.

8

9

10

Tana Lin
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24