UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEREDITH MCGLOWN,<br><br>         Plaintiff(s),<br>   v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE et al,<br><br>         Defendant(s). | CASE NO. 2:23-cv-00049-TL<br><br>ORDER REVOKING *IN FORMA PAUPERIS* STATUS |

This matter comes before the Court on Plaintiff Meredith McGlown's "Motion Review for Judicial Decision" (the "Motion," Dkt. No. 13) and on referral from the United States Court of Appeals for the Ninth Circuit (the "Referral," Dkt. No. 18). Having reviewed the relevant record, the Court DENIES Plaintiff's Motion and REVOKES Ms. McGlown's *in forma pauperis* status for her appeal.

Ms. McGlown brings suit against the U.S. Department of Commerce, "The Depository Trust Company," and "Treasury Retail Services" for difficult-to-parse allegations involving financial debt owed and a wide range of unlawful activities (such as the purported enslavement

ORDER REVOKING IN FORMA
PAUPERIS STATUS - 1

by former and long-deceased U.S. Presidents and her residence on a spaceship). *See, e.g.*, Dkt. No. 5 at 2, 10. Ms. McGlown proceeds *pro se*, or without legal representation, and was granted *in forma pauperis* status to proceed without paying the filing fee in this action. Dkt. No. 4. 28 U.S.C. § 1915(e)(2) requires a court to dismiss an *in forma pauperis* complaint if it is "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." On February 6, 2023, this Court previously declined to issue summons and dismissed the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim for relief. Dkt. No. 11 at 5, 7. Judgment was entered against Ms. McGlown. Dkt. No. 12.

**A.      Motion for Review of Judicial Decision**

On March 6, Ms. McGlown filed the Motion, essentially objecting to the Court's prior order of dismissal. Dkt. No. 13. It is not clear whether she intended to file the Motion before the Ninth Circuit or this Court, as the caption is addressed to "United States 9th Western Federal Court." *Id.* at 1. Ms. McGlown also requests that this Court "not be allowed to hear any of my cases nor to rule on them . . . ." *Id.* at 32. The docket also shows that Ms. McGlown filed an appeal of the Court's order of dismissal to the Ninth Circuit, and the appeal—which has been assigned the case number 23-35239 (Dkt. No. 17)—is identical in appearance to the Motion. Dkt. No. 16. Because the Motion appears to have been an attempt by Ms. McGlown to appeal the decision of this Court to the Ninth Circuit, and because her appeal has been filed and is pending before the Ninth Circuit, the Court finds it appropriate to DENY the Motion as moot and improperly before this Court. Alternatively, to the extent that the Motion constitutes a motion for reconsideration, it is denied as untimely pursuant to Local Civil Rule 7(h)(2), which requires that a motion for reconsideration be filed within 14 days after the relevant order or by February 20,

ORDER REVOKING IN FORMA
PAUPERIS STATUS - 2

1    2023. Ms. McGlown's notice and related sealed exhibits (Dkt. Nos. 14, 15), which appear to be

2    attached to the Motion, are also STRICKEN as moot.

3    **B.      Referral from the United States Court of Appeals for the Ninth Circuit**

4            Subsequently, the Ninth Circuit referred the matter back to this Court "for the limited

5    purpose of determining whether in forma pauperis status should continue for this appeal or

6    whether the appeal is frivolous or taken in bad faith pursuant to 28 U.S.C. § 1915(a)(3), which

7    states that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing

8    that it is not taken in good faith." Dkt. No. 18 at 1. A good faith appeal must seek review of at

9    least one "non-frivolous" issue or claim. *See Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th

10   Cir. 2002). A frivolous claim "lacks an arguable basis either in law or in fact." *Neitzke v.*

11   *Williams*, 490 U.S. 319, 325 (1989). "[A] finding of factual frivolousness is appropriate when the

12   facts rise to the level of the irrational or wholly incredible," such as allegations that are fanciful,

13   fantastic, and delusional. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). In evaluating a

14   complaint for frivolousness, a court is not bound to accept the truth of the plaintiff's allegations,

15   even if they are not clearly rebutted by judicially noticeable facts. *Id.* at 32.

16           Ms. McGlown's appeal has no merit and is frivolous. Federal Rule of Civil Procedure 8

17   requires that a complaint must contain, among others, "a short and plain statement of the claim

18   showing that the pleader is entitled to relief," which is absent here. As explained in the Court's

19   prior dismissal order, the Complaint contains no recognizable causes of action or relief. Dkt. No.

20   11 at 4. For example, Ms. McGlown seeks a damages amount that is not an actual numerical

21   number. *See* Dkt. No. 5 at 5 (seeking "1 septvgint and two hundred fifty six zillion dollars + K,

22   S, EE, I, O, Q and R – corp damages"). Ms. McGlown's allegations are also very difficult to

23   parse. As an example, the first page of her "Statement of Facts" contains the following:

24

> I then testified in a court of law after being brought back into the country and my family paying a ransom for my well being and I pointed the black-market participants out in a court of law. I was then granted asylum and the country had been at war and needed an [sic] loan. I was the Emirates of Israel, and I did not know of any goverance [sic] of the United States of America. Turns out it was my grandfather. I was simply asked if I thought they should be helped after taking an [sic] tour of the land seeing the devastation.
>
> . . . A treaty agreement was drawn up and the world was being reconstructed. I lived on a spaceship while this was taking place. Then I was drafted into the military where I decided to train as a mercenary for the Marines.

It is unclear from this excerpt and the remainder of the Complaint what lies at the base of Ms. McGlown's claims, if any. The allegations also contain details that are difficult for any court to conceive as factual and accurate. *See also* Dkt. No. 11 at 4–5 (listing other examples). In short, the Court is left without any concrete idea of what troubles Ms. McGlown and what specific laws entitle her to a remedy of her problems.

**C.   Conclusion**

Accordingly, it is hereby ORDERED:

(1)   The "Motion Review for Judicial Decision" (Dkt. No. 13) is DENIED.

(2)   The related notice and sealed exhibits (Dkt. Nos. 14, 15) are STRICKEN.

(3)   The Court CERTIFIES that Ms. McGlown's appeal is frivolous and not taken in good faith. Ms. McGlown's *in forma pauperis* status is REVOKED.

(4)   The Clerk of the Court SHALL provide a copy of this Order to all Parties and the Ninth Circuit.

Dated this 20th day of April 2023.

Tana Lin
United States District Judge